IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FARRELL GILMORE, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>PRIMAL VANTAGE COMPANY, )<br>INC., *et al.*, )<br>)<br>   Defendants. ) | CIVIL CASE NO. 2:22-cv-642-ECM<br>(WO) |

## **ORDER**

Now pending before the Court is the Plaintiff Farrell Gilmore's ("Gilmore") Motion to Remand (doc. 9) and the Defendants Primal Vantage Company, Inc. ("Primal Vantage") and Walmart Inc.'s ("Walmart"), (collectively, "the Defendants"), opposition thereto. Also pending before the Court is the Defendants' alternative motion for leave to conduct limited jurisdictional discovery. (Doc. 18).

Gilmore originally filed an action in the Circuit Court of Crenshaw County, Alabama, on October 4, 2022 against Primal Vantage, Walmart, and individual Earl Alsobrooks ("Alsobrooks").[1] Gilmore alleges that he suffered injuries caused by a defective tree stand manufactured by Primal Vantage and sold by Walmart. Primal Vantage removed the case to this Court asserting jurisdiction pursuant to 28 U.S.C. § 1332. Gilmore then filed a Motion to Remand (doc. 9), which the Defendants opposed. As an alternative motion to their opposition to remand, the Defendants requested leave to conduct

---

[1] To date, it does not appear to the Court that Alsobrooks has participated in this lawsuit.

1

limited jurisdictional discovery. (Doc. 18). Upon consideration of the motions, the Court concludes that it has insufficient information to adequately assess this Court's diversity jurisdiction or to rule on Gilmore's Motion to Remand. Accordingly, the Defendants' motion for leave to conduct limited jurisdictional discovery (*id.*) is due to be granted.

Federal courts are "courts of limited jurisdiction." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). "Diversity jurisdiction exists [in this case] where the suit is between citizens of different states and the amount in controversy exceeds . . . $75,000." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332). When a plaintiff claims indeterminate damages, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co.*, 329 F.3d at 807. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319–20.

In opposing remand, the Defendants assert that "the jurisdictional amount is facially apparent and sufficiently established from the pleadings in this case." (Doc. 18 at 2). The Court disagrees. It is not facially apparent from the Notice of Removal that the amount in controversy exceeds $75,000. In his Complaint, Gilmore prays for indeterminate compensatory and punitive damages and does not specify the extent of his injuries. The Defendants' assertion that the jurisdictional requirement is satisfied is a mere conclusory allegation. The Defendants, as the removing parties, bear the burden of proving by a

preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000, and they have not done so. The Defendants argue that Gilmore's refusal to stipulate that his claims do not exceed $75,000 supports their position. However, Gilmore's refusal to stipulate does not satisfy the Defendants' burden of proof. *See Williams*, 269 F.3d at 1320. Accordingly, the Court finds that, to date, the Defendants have not carried their burden of establishing the requisite amount in controversy.

"It is not clear, however, that the jurisdictional requirement is not satisfied." *Id.* Here, the amount in controversy could conceivably exceed $75,000; Gilmore claims to have suffered "severe physical ailments . . . , mental anguish[,] and emotional distress," (doc.1-1 at 4), and requests both compensatory and punitive damages (*id.* at 9). The Court recognizes that the Defendants' failure to put forth further evidence pertaining to the amount in controversy may be due, in whole or in part, to Gilmore's apparent resistance to communicating the extent of his injuries. *See* (doc. 18 at 3–4) ("Defendants have made efforts to obtain information relating to Plaintiff's injuries, but Plaintiff has failed to cooperate or respond . . . ."); (doc 18-2 at 1) (attempting, by email correspondence, to obtain plaintiff's medical records or expenses). Thus, the Court finds that it would be improper to grant Gilmore's motion to remand at this time.

The Defendants alternatively seek leave to conduct limited jurisdictional discovery. When necessary, the Court may "consider post-removal evidence in assessing removal jurisdiction." *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). On January 19, 2023, the Court ordered Gilmore to show cause why the Defendants' motion to conduct limited jurisdictional discovery should not be granted. (Doc. 20). To date,

3

Gilmore has not responded to the Court's show cause order. Given Gilmore's lack of opposition to the request for jurisdictional discovery and Gilmore's apparent resistance to communicating the extent of his injuries, the Court finds that limited jurisdictional discovery would facilitate its assessment of the amount in controversy in this case. Accordingly, the Defendants' motion for leave to conduct limited jurisdictional discovery is due to be granted.

The Defendants also argue that Alsobrooks, a non-diverse defendant, is improperly joined and should not be considered for purposes of diversity jurisdiction. While the Court finds that the Defendants are entitled to limited jurisdictional discovery regarding the amount in controversy, the Defendants shall not seek discovery beyond the limited purpose of obtaining information relevant to this specific jurisdictional issue. The Defendants shall not seek discovery into the issue of fraudulent joinder, and the Court makes no finding on that issue at this time.

## **CONCLUSION**

Accordingly, it is

ORDERED that the Motion for Leave to Conduct limited Jurisdictional Discovery (doc. 18) is GRANTED. The Defendants shall propound their jurisdictional discovery requests upon Gilmore on or before June 20, 2023. It is further

ORDERED that, on or before July 11, 2023, Defendants may file an amended Notice of Removal. Failure to do so may result in remand to the Circuit Court of Crenshaw County, Alabama.

DONE this 19th day of April, 2023.

                                             /s/ Emily C. Marks
                                    EMILY C. MARKS
                                    CHIEF UNITED STATES DISTRICT JUDGE